**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-11-869-1 |
| | § | |
| | § | |
| MARK ALLAN JAMES | § | |

**ORDER DENYING MOTION FOR RECONSIDERATION**

In August 2018, Mark Allan James filed a *pro se* motion seeking a determination that he qualifies for early release or home confinement for the remainder of his 60-month prison term. (Docket Entry No. 260). The government responded, and the court denied James's motion. (Docket Entry Nos. 261–62). James has moved for reconsideration, arguing that he neither received the government's response nor had an opportunity to reply, in violation of the Fifth Amendment, and that he has clear and convincing evidence that he does not pose a flight risk or a danger to the community. (Docket Entry No. 263 at 1–2).

In a September 2018 order, the court construed James's motion as brought under 18 U.S.C. § 3624(c), which states that the Bureau of Prisons has authority "to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." (Docket Entry No. 262 at 1). That provision's implementing regulations prohibit early release or home confinement for inmates who are subject to a detainer by Immigration and Customs Enforcement. 28 C.F.R. § 550.55(b)(1). The court reasoned that because James is subject to an ICE detainer on his release from prison, he cannot qualify for early release or home confinement. (Docket Entry No. 262 at 1–2). To the extent that James's motion asserted a constitutional challenge

to § 3624(c) or its regulations, the court found that, "[u]nder rational-basis scrutiny, James cannot show that 'alien prisoners, as an identifiable group, are being treated differently from other similarly situated prisoners who are not aliens.'" (Docket Entry No. 262 at 2 (quoting *Gallegos-Hernandez*, 688 F.3d 190, 195 (5th Cir. 2012))).

Even assuming that James did not receive the government's response or have an opportunity to reply, his motion for reconsideration admits that he is subject to removal from the United States on release from prison. That makes him ineligible for early release or home confinement under § 3624(c). (Docket Entry No. 263 at 2). As this court has previously found, James cannot show that "alien prisoners, as an identifiable group, are being treated differently from other similarly situated prisoners who are not aliens." *Gallegos-Hernandez*, 688 F.3d at 195.

James's motion for reconsideration, (Docket Entry No. 263), is denied.

SIGNED on February 7, 2019, at Houston, Texas.

                                                                      _____
                                                                      Lee H. Rosenthal
                                                                      Chief United States District Judge